UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **GINO GAILLARDETZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | **25-12362-FDS** |
| | ) | |
| **JEFFREY GONSALVES, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS**

**SAYLOR, J.**

This is a civil-rights action brought by a prisoner.  Plaintiff Gino Gaillardetz was

incarcerated at Old Colony Correctional Center.  While there, he experienced serious mental-

health issues, including suicidal ideation.  In August 2022, after he was told that he was being

denied parole, he attempted suicide by jumping over a railing and falling 20-30 feet to the

ground.  He suffered serious injuries as a result.

In August 2025, Gaillardetz sued Jeffrey Gonsalves, the Superintendent of OCCC;

Wellpath, LLC, a private company that provides mental-health treatment services at OCCC; and

several unnamed correctional officers and social workers.  The complaint alleges that the

defendants were deliberately indifferent to plaintiff's medical needs, in violation of the U.S.

Constitution, and also asserts claims for several state-law torts, including negligence, premises

liability, and negligent infliction of emotional distress.

Defendant Gonsalves has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6)

on the ground that plaintiff failed to exhaust his administrative remedies within the prison system

prior to filing suit, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  In an earlier order, the Court recognized that because the PLRA's exhaustion requirement is an affirmative defense, rather than part of a plaintiff's *prima facie* case, *see Jones v. Bock*, 549 U.S. 199, 216 (2007), and because the complaint included no allegations concerning plaintiff's exhaustion of administrative remedies, it could not resolve the exhaustion issue on a motion to dismiss.  (Dkt. No. 6).  However, the Court stated its intention to treat the motion as one for summary judgment under Rule 56, *see* Fed. R. Civ. P. 12(d), and gave the plaintiff 21 days to either oppose the motion or show, under Rule 56(d), why consideration of summary judgment on the issue of exhaustion was not appropriate at this time.  (Dkt. No. 6).  Plaintiff has not filed anything during that time period.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  This requirement applies to all suits by prisoners "seeking redress for prison circumstances or occurrences" under the federal Constitution.  *See Porter v. Nussle*, 534 U.S. 516, 520 (2002).  Because plaintiff's suit seeks redress for an incident that occurred while he was incarcerated, the exhaustion requirement of § 1997e(a) applies.

Defendant Gonsalves included with his motion to dismiss an affidavit from Nicholas Harght, the Inmate Grievance Coordinator at OCCC.  (Dkt. No. 5-3).  Harght stated that OCCC has a formal inmate-grievance process that he is responsible for overseeing.  (*Id.* ¶¶ 3-4).  After reviewing inmate-grievance records, Harght stated that plaintiff had not filed any formal grievance related to the incident that was the basis for his lawsuit; in fact, plaintiff had not filed any formal grievance since 2010.  (*Id.* ¶ 5).

Because the affidavit stating that plaintiff failed to exhaust his administrative remedies is uncontroverted, defendant Gonsalves is entitled to summary judgment on the issue of exhaustion with respect to Counts 1 and 2, the two federal claims.  Accordingly, defendant Gonsalves's motion to dismiss, treated as a motion for summary judgment, is GRANTED.  The Court declines to exercise supplemental jurisdiction over the state-law claims against defendant Gonsalves, which are DISMISSED without prejudice.

**So Ordered.**

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  August 4, 2026                     United States District Judge

3